### COMMONWEALTH *vs.* ZACHARIAH B. PORTER.

A person indicted is not entitled to have the jury asked, before they are empanelled, whether they have formed or expressed an opinion as to the credibility of a witness, whose testimony is to be relied on in support of this indictment, and who testified, and whose credibility was in question, in another case before them. Nor can the defendant be allowed to prove, on the trial of this indictment, that the jury have declared that they would believe this witness.

INDICTMENT for being a common seller of intoxicating liquors, contrary to *St.* 1852, *c.* 322, § 12. Trial in the court of common pleas, before *Bishop,* J., who signed the following bill of exceptions:

" Before the jury were empanelled, the court, upon motion of the defendant, put the question to the jury, provided for by the Rev. Sts. *c.* 95, § 27, to which the defendant does not except. After the jury were sworn and empanelled, the defendant requested the court to inquire of the jury if they had formed and

expressed an opinion as to the credibility of one Boyd Howard, one of the witnesses by whom the government proposed to prove the offence charged in the indictment, and who was afterwards called by the government, and testified in the case—the defendant relying for his defence upon the fact that said Howard would not tell the truth, and was unworthy of belief. The court declined to put the question.

" The defendant also offered to prove that some of the jury had declared that they would believe said Howard as a witness, before he was called in this case. The court rejected the evidence—the said Boyd Howard having been called by the government, and testified as a witness before the same jury at a previous trial, where his credibility was in question. He was also called by the government in this case, as aforesaid, and testified as a witness. The jury convicted the defendant.

" To the above mentioned rulings of the court the defendant excepts."

*J. G. Abbott,* for the defendant. Putting to the jury the statute questions did not meet the difficulties of this case ; for they might well answer that they had not formed or expressed an opinion on the merits of the cause, and yet be in that state of mind which would prevent the defendant's being fairly and impartially tried.

The only real issue in this case was the credibility of a single witness, on whose testimony the case would depend. An expression of opinion on his credibility therefore put the jury in the same situation, so far as a fair trial was concerned, as if they had directly expressed an opinion upon the defendant's guilt. Their verdict in the former suit did not necessarily affirm the credibility of this particular witness. And the evidence now offered was not merely that they believed the witness on the evidence in the former case, but that " they would believe " him. Their minds were not open to an impartial examination of the case.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

THOMAS, J. Howard had been examined as a witness on the trial of another indictment against the defendant. Upon that

trial, the defendant attempted to impeach the witness, but apparently without success. He was one of the witnesses by whom the government expected to sustain the present indictment, and was in fact afterwards called and examined. The counsel for the defendant proposed to inquire of the jury if they had formed and expressed any opinion as to the credibility of Howard. The court declined to have the question put.

The inquiry was novel, and, if competent, would certainly be a great relief to persons indicted, who are anxious not to be tried; for just in the degree that the character of the witnesses to be called was well known and respected, would the objection prevail. If the witness happened to be an individual known and revered by all his fellow citizens as a man without reproach, every member of the panel would have formed an opinion as to his credibility.

The fact, that the defendant had unsuccessfully attempted to impeach the witness at a previous trial, does not help his case. We must presume he failed for want of sufficient evidence. And it by no means follows that, if he had more or better evidence at the second trial, he would not succeed. The fair and legal presumption is that he would.

The defendant also offered to prove that some of the jurors had declared that they would believe Howard as a witness The presiding judge rightly excluded the evidence. If we understood that the jurors intended to state that they would believe the witness, however controlled or impeached by other witnesses, the question would be one of difficulty. But the case is only this: The witness had been examined, and his character tested before the jury, and they said they would believe him. If he was a witness to the material facts of the case, they said so by their verdict. The declaration was only a statement of the effect of the former trial, and contains no intimation of what might be the effect of the evidence produced upon the second

*Exceptions overruled.*